*This opinion will be unpublished and
may not be cited except as provided by
Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A15-0660**

State of Minnesota,
Respondent,

vs.

Myles Ray Estes,
Appellant.

**Filed April 11, 2016
Affirmed
Reilly, Judge**

Hennepin County District Court
File No. 27-CR-13-37515

Lori Swanson, Attorney General, St. Paul, Minnesota; and

Michael O. Freeman, Hennepin County Attorney, Lee W. Barry, Assistant County Attorney, Minneapolis, Minnesota (for respondent)

Cathryn Middlebrook, Chief Appellate Public Defender, Andrea Barts, Assistant Public Defender, St. Paul, Minnesota (for appellant)

Considered and decided by Peterson, Presiding Judge; Reilly, Judge; and Jesson, Judge.

UNPUBLISHED OPINION

**REILLY**, Judge

Appellant challenges his convictions of aggravated robbery and argues that he is entitled to a new trial because the district court plainly erred in instructing the jury on accomplice liability. We affirm.

## FACTS

In September 2013, T.S. and his brother R.E. met T.S.'s friend, H.M., in Minneapolis. T.S. and R.E. followed H.M. into an alley to an abandoned residential garage, where H.M. and three other men robbed them. Two of the men, including appellant Myles Ray Estes, were carrying firearms. Estes pointed his firearm at T.S. while other men went through T.S.'s pockets and took his money, cell phone, the key fob for his car, and other belongings. T.S. later discovered unauthorized charges on his credit card from two gas station stores in Minneapolis and Brooklyn Center. T.S. provided his credit card records to the police. A police officer visited both gas station stores and retrieved video surveillance recordings for the time frame matching the unauthorized charges and corresponding with the time shortly after the robbery. The crime lab prepared still photographs from the store videos and showed these photographs, as well as a series of photographic line-ups, to T.S. T.S. identified Estes from these photographs.

The state charged Estes with one count of being a prohibited person in possession of a firearm and two counts of aiding and abetting first-degree aggravated robbery of the two victims, T.S. and R.E. Estes entered a plea of not guilty, and the matter proceeded to jury trial. The jury found Estes not guilty of being a prohibited person in possession of a

firearm and guilty of both first-degree aggravated robbery offenses. The district court instructed the jurors on aggravating factors and provided special verdict forms pertaining to the aggravated robbery charges. The jury found that the state proved beyond a reasonable doubt that: (1) Estes committed the crimes as part of a group of three or more people who all actively participated in the crimes; (2) Estes did not play a minor or passive role in the crimes; and (3) Estes made no attempt to hinder or mitigate the crimes. The district court committed Estes to the commissioner of corrections for 48 months on each of the two counts, with the sentences to be served consecutively for an aggregate term of 96 months in prison. This appeal followed.

## D E C I S I O N

The issue presented is whether the district court's instructions to the jury regarding accomplice liability constituted a plain error that affected Estes's substantial rights. The district court is allowed "considerable latitude" in selecting language for the jury instructions. *State v. Gatson*, 801 N.W.2d 134, 147 (Minn. 2011). "When reviewing jury instructions for error, we review the instructions in their entirety to determine whether they fairly and adequately explain the law." *Id.* Because Estes cannot demonstrate that his substantial rights were prejudiced, he is not entitled to a new trial.

The state charged Estes with two counts of aiding and abetting first-degree aggravated robbery in violation of Minn. Stat. § 609.245, subd. 1 (2012). "Whoever, while committing a robbery, is armed with a dangerous weapon or any article used or fashioned in a manner to lead the victim to reasonably believe it to be a dangerous weapon, or inflicts bodily harm upon another, is guilty of aggravated robbery in the first degree. . . ." Minn.

3

Stat. § 609.245, subd. 1. "A person is criminally liable for a crime committed by another if the person intentionally aids, advises, hires, counsels, or conspires with or otherwise procures the other to commit the crime." Minn. Stat. § 609.05, subd. 1 (2012).

The district court instructed the jury on aiding and abetting as follows:

> The defendant is guilty of a crime committed by another person when the defendant has played an intentional role in aiding the commission of the crime and made no reasonable effort to prevent the crime before it was committed. Intentional role includes intentionally aiding, advising, hiring, counseling, conspiring with, or procuring another to commit the crime.

> The defendant is guilty of a crime, however, only if the other person commits a crime. The defendant is not liable criminally for aiding, advising, hiring, counseling, conspiring, or otherwise procuring the commission of a crime, unless some crime, including an attempt, is actually committed.

On the elements of aggravated robbery, the district court instructed the jury that:

> The elements of Aggravated Robbery in the First Degree are:

> First, the defendant, or someone he was aiding, advising, hiring, counseling, conspiring with, or procuring, took personal property from a person or that person's presence, knowing that the defendant was not entitled to take it.

> Second, the defendant or someone he was aiding, advising, hiring, counseling, conspiring with, or procuring, used force or the threat of imminent force against the person to overcome resistance or to compel acquiescence in the taking or carrying off of the personal property. The term threat of imminent force means the intentional creation in the person's mind of an understanding that if he resisted or refused to cooperate, force would be immediately used against him.

> Third, the defendant or someone he was aiding, advising, hiring, counseling, conspiring with, or procuring, was armed with a dangerous weapon. A firearm, whether

4

loaded or unloaded, is a dangerous weapon. Any article used or fashioned in a manner to lead the victim to reasonably believe it is a dangerous weapon also qualifies.

Fourth, the defendant's act took place on or about September 23rd in Hennepin County.

If you find that each of these elements has been proven beyond a reasonable doubt, the defendant is guilty. If you find that any element has not been proven beyond a reasonable doubt, the defendant is not guilty.

Estes argues that the district court failed to instruct the jury that it could not convict him unless the state proved he knew his accomplices were going to commit a crime and intended his presence or actions to further that crime. Estes did not raise this objection at trial, and we therefore review for plain error. Failure to object to jury instructions may result in waiver of the issue on appeal. *State v. Vang*, 774 N.W.2d 566, 581 (Minn. 2009). But an appellate court may review an unobjected-to jury instruction using plain-error analysis, which requires the defendant to establish that (1) there was an error; (2) the error was plain; and (3) it affected his substantial rights. *State v. Davis*, 864 N.W.2d 171, 176 (Minn. 2015). If all three prongs are satisfied, we assess whether to address the error to ensure fairness and the integrity of the judicial proceedings. *State v. Griller*, 583 N.W.2d 736, 740 (Minn. 1998).

The state concedes that there was an error and that the error was plain because the district court failed to instruct the jury that Estes knew his alleged accomplices were going to commit aggravated robbery and intended his presence or actions to further the commission of the crime. *See State v. Milton*, 821 N.W.2d 789, 805 (Minn. 2012) (explaining that "element of 'intentionally aiding' embodies two important and necessary

5

principles: (1) that the defendant 'knew that his alleged accomplices were going to commit a crime,' and (2) that the defendant 'intended his presence or actions to further the commission of that crime'") (quoting *State v. Mahkuk*, 736 N.W.2d 675, 682 (Minn. 2007). We therefore turn to the third prong and consider whether the plain error affected Estes's substantial rights.

An error affects a defendant's substantial rights when it is "prejudicial and affect[s] the outcome of the case." *Griller*, 583 N.W.2d at 741. A defendant bears a "heavy burden" of persuasion that an erroneous jury instruction had a significant effect on the jury's verdict. *Kelley*, 855 N.W.2d at 283. Estes argues that the district court failed to properly instruct the jury on the elements of accomplice liability and that he is entitled to a new trial. In *State v. Watkins*, the supreme court held "that the omission of an element of a crime in a jury instruction does not automatically require a new trial." 840 N.W.2d 21, 28 (Minn. 2013). Instead, the reviewing court conducts a "thorough examination of the record to determine whether the omission of an element of a charged offense from the jury instruction was sufficiently prejudicial in light of the standard of review." *Id.* at 28-29. We consider whether: "(1) the defendant contested the omitted element and submitted evidence to support a contrary finding, (2) the State submitted overwhelming evidence to prove that element, and (3) the jury's verdict nonetheless encompassed a finding on that element." *Id.* at 29; *see also Kelley*, 855 N.W.2d at 283-84 (ruling an erroneous jury instruction does not ordinarily significantly affect the jury's verdict if there is "considerable evidence of the defendant's guilt"); *State v. Larson*, 787 N.W.2d 592, 601 (Minn. 2010)

6

(holding defendant's substantial rights were not affected where "considerable evidence" supported jury's verdict).

Estes contends that the evidence of his guilt "was far from overwhelming," and argues that he did not take T.S. or R.E.'s belongings, was not linked to the stolen property, and did not communicate with his accomplices during the robbery. However, the evidence in the record demonstrates that Estes intentionally participated in the aggravated robberies of T.S. and R.E. The district court held a jury trial over the course of five days and heard testimony from T.S., the police officer, and two gas station store managers. At trial, T.S. identified Estes as the man who pointed a silver firearm at him while other men went through his clothing and robbed him, and the evidence submitted through witness testimony corroborates the state's case. T.S. discovered several unauthorized charges on his credit card at two gas station stores. A Minneapolis police officer visited both gas station stores, recovered video surveillance recordings, and had photographs made from the videos. T.S. identified Estes as one of the individuals depicted in the photographs, and also identified Estes in the photographic line-up.

Although the jury instruction could have been clearer by adding the two elements related to accomplice liability, the instruction overall fairly and correctly stated the applicable law. *Gulbertson v. State*, 843 N.W.2d 240, 247 (Minn. 2014). Ample evidence in the record supports the jury's guilty verdict. The jury instructions, while erroneous, were not "sufficiently prejudicial" to entitle Estes to a new trial. *See Watkins*, 840 N.W.2d at 28-29.

7

Because we conclude that the three prongs of the plain-error test are not satisfied, we do not address whether a new trial is required to ensure the fairness and integrity of the judicial proceedings. *See Griller*, 583 N.W.2d at 740.

**Affirmed.**